UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JAMES WALKER | * | CIVIL ACTION |
| VS. | * | NUMBER |
| EDISON CHOUEST OFFSHORE, INC. AND/OR OFFSHORE SERVICE VESSELS, LLC | * | SECT.       MAG. |

*************************************************************************

COMPLAINT IN ADMIRALTY

This action is brought pursuant to the Jones Act, 46 U.S.C. 688, et seq., the General Maritime Law of the United States, the Savings to Suitors Clause, and any other applicable law. This Honorable Court has jurisdiction of this matter pursuant to Rule 9(h) of the Federal Rules of Civil Procedure. The Complaint of James Walker, a person of the full age of majority and domiciled in Lincoln County, Mississippi, respectfully represents:

I.

The following named parties are made respondents herein and are jointly, severally, solidarily and vicariously liable and responsible to complainant, to-wit:

   (a)   EDISON CHOUEST OFFSHORE, INC. (hereinafter Edison Chouest), a Louisiana corporation authorized to do and doing business in the State of Louisiana with its principal place of business in Galliano, Louisiana.

   (b)   OFFSHORE SERVICE VESSELS, LLC (hereinafter Offshore Service), a

Louisiana limited liability company authorized to do and doing business in the State of Louisiana with its principal of business in Cut Off, Louisiana.

II.

The above named respondents are responsible and liable jointly, severally, solidarily and vicariously to complainant because of the following:

III.

This action results from a December 15, 2011 casualty occurring on navigable waterways of the United States onboard the M/V AMBER in the Gulf of Mexico.

IV.

At all times material hereto, complainant was a seaman employed by Harvey Gulf International Marine, LLC (hereinafter Harvey Gulf) as a crew member of the M/V AMBER, owned, operated, manned, controlled and navigated upon navigable waters and in commerce.

V.

On or about December 15, 2011, while in the course and scope of his employment with Harvey Gulf as a crew member aboard the aforesaid vessel, complainant sustained injury as a result of working in the bilge of the M/V AMBER. Complainant contracted cellulitus. Based on best knowledge and belief, the aforementioned vessel is owned, operated, manned, controlled and navigated by Edison Chouest and/or Offshore Service.

VI.

The aforementioned accident was the result of the negligence of the owners and operators of the M/V AMBER and/or the unseaworthiness of the M/V AMBER.

VII.

As a result of the above accident and the negligence of respondent(s) and the unseaworthiness of the M/V AMBER, complainant, James Walker, suffered multiple personal, psychological and emotional injuries of a past, present and continuing nature.

VIII.

The sole and proximate cause of the injuries and damages sustained by complainant was the negligence of respondent(s), Edison Chouest and/or Offshore Service, and the negligence of their agents and/or employees for which it is vicariously responsible, and/or the unseaworthiness of the M/V AMBER RUNNER, which negligence and/or unseaworthiness consisted of and/or resulted from the following acts and/or omissions, to-wit:

   a) Failure to maintain the vessel in a reasonably safe condition;

   b) Failure to safeguard the vessel to protect complainant against the possibility of injury/infection;

   c) Failure to warn complainant of defects, hazards and unsanitary conditions;

   d) Failure to discover and/or correct dangerous conditions existing on the vessel, including but not limited to the presence of staph in the bilge of the vessel;

e) Failure to operate the involved vessel in a safe manner;

f) Failure to fix unsafe and unseaworthy conditions on the M/V AMBER;

g) Failure to train operators and other crew members in proper maintenance and cleanup procedures;

i) Failure to properly maintenance and clean the corridors, walkways and bilge of the M/V AMBER;

j) Reckless/negligent maintenance producing unseaworthy conditions;

k) Failure to prevent unsafe/unsanitary conditions in the interior and bilge areas of the M/V AMBER;

l) Vessel negligence;

m) Operating the maintenance operations of the M/V AMBER negligently;

n) Failure to take steps to avoid unsafe conditions onboard the M/V AMBER; and

o) Other negligence and/or unseaworthiness which may be proven at trial of this matter.

IX.

As a result of the foregoing, complainant has been disabled in his employment and has been unable to obtain other employment; he has undergone medical treatment and will be required to undergo further medical treatment; he has suffered and will continue to suffer severe physical pain and extreme mental anguish; all due to his continuing damage and injury.

X.

James Walker itemizes the damages to which he is entitled as a result of the accident and injury proximately caused by the above described negligence of respondent(s) and/or the unseaworthiness of its/their vessel as follows, to-wit:

- a) Past physical pain, suffering and discomfort
- b) Past mental anguish, aggravation and annoyance
- c) Disability
- d) Future physical pain, suffering and discomfort
- e) Future mental anguish, aggravation and annoyance
- f) Past medical expenses
- g) Future medical expenses
- h) Past lost wages and benefits
- i) Future lost wages and benefits
- j) Future lost earning capacity
- k) Loss of enjoyment of life
- l) Punitive damages

XI.

The respondent(s), Edison Chouest and/or Offshore Service, on or about December 15, 2011, acted with gross negligence and recklessness and with willful, wanton, callous and reckless

disregard for Mr. Johnson's safety and health, and recklessly maintained the M/V AMBER in an unseaworthy manner, causing the injuries-in-suit, for which respondent is liable to pay Mr. Walker punitive damages in an amount necessary to discourage Edison Chouest and/or Offshore Service from repeating this behavior, and will discourage others from imitating this behavior.

XII.

Complainant further specifically pleads the doctrine of <u>res ipsa loquitur</u> in that the accident and injuries and damages would not have occurred in absence of the negligence of respondent(s) and/or the defect in the design and/or manufacture of the M/V AMBER.

XIII.

Complainant strictly reserves the right to amend and supplement this Complaint as necessary concerning damages.

WHEREFORE, complainant prays that respondents be cited and served and that after due proceedings are had, there be judgment herein in favor of complainant, James Walker, and against the respondent(s), Edison Chouest Offshore Inc. and/or Offshore Service Vessels, LLC, jointly, severally, solidarily and vicariously for such sums, compensatory and/or punitive, as are reasonable in the premises together with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings.

AND FOR ALL GENERAL AND EQUITABLE RELIEF.

AND THAT ALL EXPERT WITNESS FEES BE TAXED AS COSTS OF COURT.

>Respectfully submitted,
>
>MICHAEL HINGLE & ASSOCIATES, LLC
>
>
> /s/ Michael Hingle
>Michael Hingle, T.A. 6943
>Donald G. D'Aunoy, Jr., #31123
>For the Firm
>220 Gause Boulevard
>Slidell, Louisiana 70458
>Telephone: (985) 641-6800
>Fax:  (985) 646-1471

**PLEASE SERVE:**

EDISON CHOUEST OFFSHORE INC. AND
OFFSHORE SERVICE VESSELS, LLC
through its registered agent for service of process:
Gary Chouest
E. 118 Street
Galliano, LA 70354

EDISON CHOUEST OFFSHORE INC. AND
OFFSHORE SERVICE VESSELS, LLC
through its registered agent for service of process:
Gary Chouest
16201 East Main Street
Cut Off, LA 70345

G:\Files\Walker, James\P PLEADINGS\pld complaint admiralty 9.17.12 BAP DGD alm.wpd